IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE RIVER SALAZAR § | | |
|    TDCJ-CID NO. 610179 § | | |
| v. § | | C.A. NO. C-10-281 |
| § | | |
| RICK THALER § | | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Coffield Unit in Tennessee Colony, Texas. (D.E. 1). On August 25, 2010, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that his punishment is void because his sentencing enhancement was never proven. Id. at 7. Pending is Respondent's motion for summary judgment. (D.E. 13). Petitioner has failed to file a response.[1] For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted, and that this habeas action be dismissed.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson,

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted in Nueces County, Texas.  (D.E. 2, at 14).  Jurisdiction is, therefore, proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On April 16, 2009, Petitioner was indicted by a grand jury in Nueces County, Texas for stealing a lawnmower worth less than $1,500 on March 14, 2009.  (D.E. 11, at 48-49).  The indictment alleged that he had been convicted of theft twice previously, on August 16, 1990 and on June 17, 2008.  Id. at 49.  It also indicated that "on the issue of punishment," Petitioner had already been convicted of two felonies, for burglary of a building on February 11, 1992 and for driving while intoxicated for at least the third time on March 26, 2001.  Id.  Finally, the indictment alleged "that the second previous conviction was for an offense that occurred after the first previous conviction became final."  Id.

On July 30, 2009, Petitioner pled guilty to the theft charge.  Id. at 50-51.  In his Judicial Confession And Stipulation, he admitted that he had been twice convicted of theft prior to the commission of the March 14, 2009 offense, and recited the August 16, 1990 and June 17, 2008 convictions.  Id. at 50.  He further stipulated that he had two earlier felony convictions, listing the February 11, 1992 burglary offense and the March 26, 2001 DWI.  Id. at 51.  The plea included the

same language as in the indictment, acknowledging "that the second previous conviction was for an offense that occurred after the first previous conviction became final." Id. A separate plea agreement document, also signed by Petitioner, his attorney, and the prosecutor on July 30, 2009, recommended a term of five years in prison. Id. at 34.

That same day, Petitioner initialed a series of statements to reflect his understanding of various aspects of his plea agreement. Id. at 40-43. First, he acknowledged that he had read and understood the court's written admonishments. Id. at 40. An attached form informed Petitioner that the range of punishment for his offense was that of a second degree felony because of the sentencing enhancement. Id. at 37. He indicated that he understood a second degree felony was punishable by two to twenty years incarceration. Id. He also acknowledged that "[a] person found guilty of a state jail felony ... who has been convicted once before of a felony shall be punished for a second degree felony." Id. Petitioner's defense counsel signed a statement attesting to the fact that he "read and explained ... to the Defendant the applicable range of punishment" and that he understood that range. Id. at 43. The judge likewise verified that Petitioner had reviewed the range of punishment. Id. at 44.

On July 31, 2009, Petitioner was convicted of theft and sentenced to five

3

years incarceration in the Texas Department of Criminal Justice. Id. at 52. His sentencing sheet described his offense as a state jail felony, and indicated "N/A" next to the sections regarding whether he had pled to any enhancements. Id.

On April 14, 2010, Petitioner filed an application for habeas corpus in Texas state court pursuant to Texas Code of Criminal Procedure article 11.07. Id. at 18-26. He alleged that his punishment was not authorized by law because his sentence was improperly enhanced with convictions that were never proven. Id. at 21-22. Petitioner's argument seemed to be grounded on the fact that the court's judgment did not indicate a plea with respect to the enhancements. Id. at 21. His petition went on to claim that his conviction was infirm because his plea was involuntary and not entered into in open court. Id. at 22-25. On May 13, 2010, the sentencing court recommended that habeas relief be denied, finding that "the offense was properly enhanced to a second-degree felony," and determining that there was no merit in Petitioner's other claims. Id. at 46. On June 16, 2010, the Texas Court of Criminal Appeals denied the petition without written order based on the trial court's finding. Id. at 2.

### III. PETITIONER'S ALLEGATIONS

Petitioner alleges that his sentence is void because the prosecution failed to prove the prior convictions that enhanced his term of imprisonment. (D.E. 1, at 7).

4

In particular, he argues that the prosecution decided not to pursue an increased sentence as a result of these convictions, but that he was mistakenly punished for them. (D.E. 2, at 3). Petitioner further asserts that he should be regarded as "actually innocent" because of this alleged error. Id. at 7.

## IV. DISCUSSION

Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner's claim is unexhausted, procedurally defaulted, and meritless. (D.E. 13).

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the

court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams, 836 F.2d at 960 (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir.

1995) (citations omitted).

**B.     Petitioner Has Partly Exhausted His Claim.**

Respondent avers that Petitioner failed to exhaust his claim because he did not raise it in his state habeas application. (D.E. 13, at 6). In particular, he argues that Petitioner's instant claim is one of actual innocence, a claim that he has only articulated in his federal habeas petition. Id.

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights. 28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Carter v. Estelle, 677 F.2d 427, 443-44 (5th Cir. 1982).

Where a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" then the claims are procedurally defaulted. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.

1997) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). Federal habeas corpus relief may only be granted on procedurally defaulted claims if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted). Notwithstanding a petitioner's failure to exhaust state remedies, an application for a writ of habeas corpus may be denied on the merits. 28 U.S.C. § 2254(b)(2).

Respondent is correct that Petitioner frames his claim as one of actual innocence. (D.E. 2, at 7-8). He is also correct that Petitioner's state habeas application omitted any claims of actual innocence. (D.E. 11, at 18-26). Accordingly, it is respectfully recommended that to the extent Petitioner lodges a challenge based on his actual innocence, that claim is unexhausted and cannot be reviewed in federal court.

However, Respondent goes too far in suggesting that Petitioner's claim is wholly unexhausted. Exhaustion of state remedies for habeas purposes "requires that the prisoner 'have fairly presented the substance of his claim to the state courts.'" Woodfox v. Cain, 609 F.3d 774, 790 (5th Cir. 2010) (quoting Nobles, 127 F.3d at 420) (emphasis added). Pro se habeas petitions are construed liberally.

8

Propes v. Quarterman, 573 F.3d 225, 228 (5th Cir. 2009) (citation omitted), cert. denied, Propes v. Thaler, __ U.S. __, 130 S. Ct. 3272 (2010).

In Petitioner's initial summary of his claim, he described his ground as the prosecution's failure to prove his two previous felony convictions. (D.E. 1, at 7). When the phrase "actual innocence" appears in his filings, it is in the same context, as a reiteration of the argument that the prosecution decided to waive the enhancement prior to his sentencing, and thus never substantiated those convictions and improperly used them to increase his punishment. (D.E. 2, at 7-8). Although Petitioner's state habeas application did not present the argument in the same terms, it likewise stressed the alleged fact that the prosecution dropped the enhancement, as evidenced by the "N/A" that appeared next to the enhancements section of his plea agreement. (D.E. 11, at 21). The sentencing court addressed the claim in its determination that "the present offense was properly enhanced to a second-degree felony." Id. at 46. That recommendation was adopted by the Texas Court of Criminal Appeals. Id. at 2.

Indeed, Respondent acknowledges that Petitioner's claim "is not a true claim of actual innocence" because it attacks the validity of his enhancements, rather than the truth or falsity of the underlying criminal charges. (D.E. 13, at 8). The inclusion of a technical legal term, done by a layman without full understanding of

its import, should not bar review of a habeas claim where the substance of the argument has been addressed by the state courts. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam) ("[section] 2254 requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim") (quoting Picard v. Connor, 404 U.S. 270, 276-77 (1971)).  Given the distinct similarities between this argument and the one raised and rejected in Petitioner's state habeas application, the Texas courts had a fair opportunity to rule on Petitioner's challenge to his sentencing enhancement in light of the relevant law.

Accordingly, it is respectfully recommended that Petitioner's claim is at least in part a challenge to the validity of his sentencing enhancements, and that he exhausted his state remedies with respect to that claim.

**C.    Petitioner's Claim Lacks Merit.**

Respondent argues in the alternative that Petitioner's claim is without merit. (D.E. 13, at 8-9).

The only evidence cited by Petitioner to substantiate his challenge is the fact that his sentencing sheet indicated that sentencing enhancements were inapplicable to his plea agreement.  (D.E. 11, at 52).  To his mind, this demonstrates that the prosecution never asked the court to factor his previous convictions into his

punishment. (D.E. 2, at 3). His theory is belied by all of the other evidence in the record, which strongly suggests, to the contrary, that the notation on Petitioner's sentencing sheet was simply a typographical error. A number of documents attest to the fact that he entered into his plea agreement with full awareness that his sentence was being enhanced to five years as a result of his previous convictions. (D.E. 11, at 37-40, 43-44, 50-51). Petitioner himself, as well as his lawyer and the judge, swore under oath that the consequences of his plea were explained to him, including the enhancement and the recommended sentence of five years. Id. Although he sought to cast some doubt on the validity of these documents in his state habeas application, he no longer contests them. Id. at 22-25.

Plea agreements entered into in open court warrant substantial evidentiary weight.[2] United States v. Abreo, 30 F.3d 29, 31 (5th Cir. 1994) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). When defendants indicate that they are

---

[2] In his state habeas application, Petitioner alleged that his conviction was void in part because he did not enter into a plea in open court. (D.E. 11, at 13). He appears to have relinquished that claim in this federal petition. Although the records do not contain any transcript excerpts, the document reflecting his understanding of the admonishments began with this qualification: "The Defendant, being duly sworn, in open court states the following." (D.E. 11, at 40). The court's order approving Petitioner's written statements and waivers likewise affirms that he was warned of their consequences in open court and conveyed his understanding. Id. at 44. Finally, the Judicial Confession And Stipulation, which bears the signatures of Petitioner, as well as his attorney and the presiding judge, indicates that it was delivered in open court. Id. at 51. In light of this evidence, and given Petitioner's abandonment of his claim that his plea was not given in open court, the standards governing judicial review of challenges involving attacks on plea agreements delivered in open court are applicable to his claim.

pleading guilty voluntarily, they assume a "heavy burden" in later attacking the consequences of the plea. United States v. Diaz, 733 F.2d 371, 373-74 (5th Cir. 1984) (citation omitted). Statements they make during pleading proceedings are presumed true. United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Reviewing Petitioner's pleading papers with these standards and presumptions in mind, it is impossible to accept his unsupported contention that the prosecution decided not to pursue enhancements. The voluminous record reflects no such decision, and Petitioner has presented no reason why it would have been omitted.

Furthermore, contrary to Petitioner's belief, the prosecution was not required to prove the prior offenses, above and beyond Petitioner's voluntary admission that he had been convicted of them. Dinnery v. Texas, 592 S.W.2d 343, 354 (Tex. Crim. App. 1979) ("a judicial confession does not require corroboration"). "No federal constitutional issue is raised by the failure of [a] Texas state court to require evidence of guilt corroborating a voluntary plea." Baker v. Estelle, 715 F.2d 1031, 1036 (5th Cir. 1983); see also Kelley v. Alabama, 636 F.2d 1082, 1083 (5th Cir. 1981) (per curiam) (finding it "unworkable" to "permit every person who pleads guilty [in state court] to seek at a later date a trial of his case for the first time in the federal court system"). The pleading documents in Petitioner's case were more than sufficient to support the sentencing enhancement given on the basis of his

prior convictions. His past offenses were proven to the extent required by law. Accordingly, it is respectfully recommended that Petitioner's claim is without merit.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their

merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 13), be granted, and this habeas petition, (D.E. 1), be dismissed.  Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 2nd day of December 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).